IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                  Civil No. 18-2174

DARREN JOSEPH WEBER; JOSEPH
WALDMAN; DON RIETCHECK d/b/a
TRUCK CLINIC; and ELMER ZIMMERMAN
d/b/a ZIMMERMAN REPAIR,

Defendants.

## **COMPLAINT**

COMES NOW the United States of America, by Stephen R. McAllister, United States

Attorney for the District of Kansas, and Robin R. Anderson, Assistant United States Attorney,

and for its cause of action alleges:

1.      This is a civil action for foreclosure of a mortgage brought by the United States of

America under the provisions of 28 U.S.C. § 1345.

2.      Service may be made upon the Defendants in the following manner:

a.      Defendant Darren Joseph Weber may be served by delivering a copy of

the Summons and Complaint to him at 2141 County Road 58, Park,

Kansas 67751, within the jurisdiction of this Court.

b.      Defendant Joseph Waldman may be served by delivering a copy of the

Summons and Complaint to him at 5853 County Road Y, Park, Kansas

67751-6009, within the jurisdiction of this Court.

  c.  Defendant Don Rietcheck d/b/a Truck Clinic may be served by delivering a copy of the Summons and Complaint to him at 2195 W Road 20 N, Hoxie, Kansas 67740.

  d.  Defendant Elmer Zimmerman d/b/a Zimmerman Repair may be served by delivering a copy of the Summons and Complaint to him at 1204 KS-23, Hoxie, Kansas 67740.

  3.  On January 11, 2010, Defendant Darren Joseph Weber executed and delivered to Plaintiff, acting through the Farm Service Agency (FSA), United States Department of Agriculture, a promissory note in which he promised to pay Plaintiff the principal amount of $256,000.00, together with interest thereon at the rate of 4.7500 percent (4.7500%) per annum on the unpaid balance.  As consideration for this note, Plaintiff made a FSA loan to Defendant Darren Joseph Weber.  A true and correct copy of the promissory note is attached as Exhibit A.

  4.  To secure the payment of the indebtedness, Defendant Darren Joseph Weber did, on January 11, 2010, execute and deliver a purchase-money security interest in the form of a real estate mortgage upon certain real estate located in Gove County, Kansas, within the jurisdiction of this Court, described as follows:

> East Half of the East Half (E/2 E/2) of Section Twenty-four (24),
> Township Twelve (12) South, Range Twenty-eight (28) West of
> the 6th P.M., Gove County, Kansas.

This real estate mortgage was recorded on January 12, 2010, in the office of the Register of Deeds of Gove County, Kansas, in Book 165 at Pages 797-802.  A true and correct copy of the mortgage is attached as Exhibit B.

  5.  Repayment of the indebtedness is also secured by a perfected security interest in fixtures granted January 11, 2010, that was perfected by a financing statement filed November

20, 2009 and continued to date.  Copies of the most recent security agreement and all financing

and continuation statements ("security instruments") held by the United States are attached as

Exhibits C through D.  The security interest granted to the United States has been continuously

perfected since November 20, 2009.

  6. Plaintiff is the owner and holder of the liability and security documents as set out

above, attached as Exhibits A-D.

  7. Defendant Darren Joseph Weber failed to pay Plaintiff installments of principal

and interest when due in violation of the provisions of the liability and security documents set

out above.  Plaintiff has elected to exercise its option to declare the entire unpaid principal

balance plus interest to be immediately due and payable and has made demand for these

amounts.  No payment has been received.

  8. The amount due on the promissory note and mortgage is principal in the amount

of $247,664.82 as of August 2, 2017; plus interest in the amount of $33,720.50 accrued to

August 2, 2017; plus interest accruing thereafter at the daily rate of $32.2303 to the date of

judgment; plus administrative costs of $5.00 (for the lis pendens filing fee) pursuant to the

promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28

U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court

costs and the costs of this action presently and in the future incurred.

  9. No other action has been brought for recovery of these sums and no payment has

been received.

  10. The Plaintiff has completed all loan servicing requirements of applicable statutes

and regulations.

11.    The following Defendants may claim an interest in the real estate subject to this foreclosure:

a.    Defendant Joseph Waldman may claim an interest in the subject real estate as a tenant in possession of the subject property, which interest is junior and inferior to that of Plaintiff.

b.    Defendant Don Rietcheck d/b/a Truck Clinic, may claim an interest in the real estate subject to this foreclosure pursuant to a judgment entered in Case No: 2015-LM-000051, on June 22, 2015 in the District Court of Sheridan County, Kansas.  This judgment was filed in the District Court of Gove County as Case No. 2016-MV-000005 on August 11, 2016.

c.    Defendant Elmer Zimmerman d/b/a Zimmerman Repair, may claim an interest in the real estate subject to this foreclosure pursuant to a judgment entered in Case No: 2015-LM-000053, on June 22, 2015 in the District Court of Sheridan County, Kansas.  This judgment was filed in the District Court of Gove County as Case No. 2016-MV-000004 on August 10, 2016.

12.    The indebtedness due Plaintiff by Defendant Darren Joseph Weber is a first and prior lien on the property described above.

13.    The interests of Defendants are junior and inferior to the interests of Plaintiff United States of America.

14.    Less than one-third (1/3) of the original indebtedness secured by the mortgage was paid prior to default.

WHEREFORE Plaintiff demands *in personam* judgment against Defendant Darren Joseph Weber for principal in the amount of $247,664.82 as of August 2, 2017; plus interest in the amount of $33,720.50 accrued to August 2, 2017; plus interest accruing thereafter at the daily

4

rate of $32.2303 to the date of judgment; plus administrative costs of $5.00 (for the lis pendens filing fee) pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

Plaintiff also demands foreclosure of all Defendants' interests in the subject real estate.

Plaintiff further demands that its mortgage be declared a first and prior lien on the real estate described herein and that such advances as the Plaintiff may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first and prior lien on the security.

Plaintiff further demands that the United States of America be granted judgment foreclosing its mortgage on the subject real property and the interests of all Defendants.

Plaintiff further demands that the judgment granted the United States of America in the Order and Judgment is the final judgment of this Court.

Plaintiff further demands that all legal right, title and interest which the Defendants have in the real estate be foreclosed, and the real estate be sold at public sale, in accordance with 28 U.S.C. §§ 2001-2003, inclusive, subject to a redemption period not to exceed three (3) months, pursuant to the provisions of K.S.A. § 60-2414(m), and that the sale be subject to any unpaid real estate taxes, special assessments and easements of record.

Plaintiff further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

(1)     Filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)     The costs of this action and the foreclosure sale;

(3)     The interest accruing on Plaintiff's *in personam* judgment against Defendant Darren Joseph Weber;

(4)     Plaintiff's *in personam* judgment against Defendant Darren Joseph Weber; and,

(5)     Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Further, plaintiff prays that the security instruments held by FSA be declared a valid (prior) lien on the personal property described therein; and that FSA's security instruments be foreclosed and the personal property be sold, subject to prior liens, in the manner provided by law and as directed by the Court; and that the proceeds from said sale be used to satisfy first, the costs of said sale; second, the costs of this action; third, the indebtedness owed FSA; and the balance, if any, be brought into the Court to await its further order.

Further, Plaintiff prays that, in the event the judgment is not wholly satisfied out of the proceeds of the sales, Plaintiff shall have judgment against Defendant Darren Joseph Weber for any deficiency that exists after crediting the proceeds together with interest at the legal judgment rate. Plaintiff further demands that all right, title, and interest in and to the described real estate and personal property (fixtures) of the Defendant, and of all persons claiming by, through or under him be decreed to be junior and inferior to the Plaintiff's mortgage and security instruments and be absolutely barred and foreclosed.

Plaintiff further prays that, if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee

6

or assigns, ordering and directing the United States Marshal to place the grantee or assign, in

full, complete, and peaceful possession of the real property.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney
District of Kansas


s/ Robin R. Anderson
ROBIN R. ANDERSON
Assistant United States Attorney
Ks. S.Ct. No. 23142
500 State Street, Suite 360
Kansas City, Kansas 66101
PH: (913) 551-6730
FX: (913) 551-6541
Email: robin.anderson@usdoj.gov
ELECTRONICALLY FILED
Attorneys for the Plaintiff


REQUEST FOR PLACE OF TRIAL

The United States of America hereby requests that trial of the above-entitled matter be

held in the City of Kansas City, Kansas.


s/ Robin R. Anderson
ROBIN R. ANDERSON
Assistant United States Attorney

## INDEX OF EXHIBITS TO
## UNITED STATES OF AMERICA'S
## COMPLAINT

Exhibit A:   Promissory Note

Exhibit B:   Mortgage

Exhibit C:   Security Agreement

Exhibit D:   UCC Financing and Continuation Statements

**Exhibit A:  Promissory Note**

Form Approved - OMB No. 0560-0237

This form is available electronically.

(See Page 4 for Privacy Act and Public Burden Statements.)

| FSA-2026<br>(12-31-07) | **U.S. DEPARTMENT OF AGRICULTURE**<br>Farm Service Agency<br><br>**PROMISSORY NOTE** | Position 2 |
|---|---|---|

| 1. Name<br>DARREN JOSEPH WEBER | 2. State<br>KANSAS | 3. County<br>GOVE |
|---|---|---|

| 4. Case Number<br>18-032-■■■ | 5. Fund Code<br>41 | 6. Loan Number<br>01 | 7. Date<br>JANUARY 11, 2010 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE<br><br>FO-BF-Reg | 9. ACTION REQUIRING PROMISSORY NOTE:<br><br>☑ Initial loan  ☐ Conservation easement  ☐ Deferred payments<br>☐ Subsequent loan  ☐ Rescheduling  ☐ Debt write down<br>☐ Consolidation  ☐ Reamortization |
|---|---|

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America Department of Agriculture, acting through the Farm Service Agency (Government), or its assigns, at its office in *(a)* OAKLEY, KS  67748         or at such other place as the Government may later

designate in writing, the principal sum of *(b)* TWO HUNDRED FIFTY-SIX THOUSAND AND NO/100----------------

dollars *(c)* ($ 256,000.00        , plus interest on

the unpaid principal balance at the **RATE** of *(d)* FOUR AND THREE-FOURTHS

percent *(e)*   4.750   %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*    FORTY    installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $ 14,413.00 | 01-11-2011 | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |
| $ N/A | N/A | $ N/A | N/A |

and *(d)* $ 14,413.00    thereafter on the *(e)* 11th of January   of each *(f)* Year    until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*    40    years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed. Borrower authorizes FSA to enter the amounts and dates of such advances in the Record of Advances.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

Initial _____    Date 1-11-10

FSA-2026 (12-31-07)                                                                                                   Page 2 of 4

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (include year) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

Initial _____        Date _____

FSA-2026 (12-31-07)                                                                                          Page 3 of 4

20.  The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21.  Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute **DEFAULT** under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22.  This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8.  This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23.  Presentment, protest, and notice are waived.

Darren Joseph Weber

FSA-2026 (12-31-07)                                                                                          Page 4 of 4

## 24. RECORD OF ADVANCES

| A.<br>AMOUNT | B.<br>DATE | A.<br>AMOUNT | B<br>DATE | A.<br>AMOUNT | B.<br>DATE |
|---|---|---|---|---|---|
| (1) $ 256,000.00 | 01-11-2010 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | C. TOTAL: | $ 256,000.00 | |

NOTE: *The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, The Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act (FOIA), to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Initial _____        Date _____

**Exhibit B:  Mortgage**

STATE OF KANSAS, GOVE COUNTY SS
Filed for record this _12_ day of _Jan._ A.D.
20 _10_ at _11:00_ o'clock _A._ M. and duly
recorded in Book _765_ of __—__ Page _797-802_
Fee $ _28.00_ ⟋ Register of Deeds

Position 5

Form Approved - OMB No. 0560-0237
*(See Page 5 for Privacy Act and Public Burden Statements.)*

**FSA-2029 KS**
(11-04-08)

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

## MORTGAGE FOR KANSAS

THIS MORTGAGE ("instrument") is made on ___January 11___ , 20 _10_ . The mortgagor is _____
Darren Jospeh Weber, a single person
("Borrower") whose mailing address is ___2141 County Road 58, Park, KS   67751___
_____ . This instrument is given to the United
States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government") located at
1015 W 2nd, Oakley, KS   67748 _____ .
This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively
called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and
authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 01-11-2010 | $256,000.00 | 4.750 | 01-11-2050 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as
provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any
amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with
interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan
agreements.

In consideration of any loan made by the Government pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et.seq. as
evidenced by the note, Borrower irrevocably mortgages, grants and conveys to the Government the following described property situated in the
State of Kansas, County or Counties of ___Gove___ :

See attached Exhibit A for legal description.

Initial _____ date _1-11-10_

FSA-2029 KS (11-04-08) *Page 1 of 6*

1650797

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property. "

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property.

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise, all payments received by the Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et. seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

Initial _DC_ date _1-11-00_ 

FSA-2029 KS (11-04-08) *Page 2 of 6*

10. **Repair and operation of property.** Borrower shall (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at 3600 Anderson Ave., Manhattan, Kansas 66503, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

Initial _O U_   date _1 - 11 - 10_                    FSA-2029 KS (11-04-08) *Page 3 of 6*

1650799

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. **Time is of the essence.** Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note. Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

Initial _OL_  date _1-11-10_

1650800

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_Darren Joseph Weber_
Darren Joseph Weber

_____ (SEAL)                    _____ (SEAL)

_____ (SEAL)                    _____ (SEAL)


## ACKNOWLEDGMENTS

STATE OF KANSAS

COUNTY OF _TREGO_ } ss.       (Individual)

On this   11th   day of   January, 2010   , before me personally appeared   Darren Joseph Weber
_____ , to be known to me to be the same person(s) whose name is subscribed to the foregoing instrument, and
acknowledged that (he or she) signed and delivered the instrument as (his or her) free and voluntary act, for the uses and purposes set forth.

My commission expires:

_____

[SEAL: JAY DEINES / NOTARY PUBLIC / My Appt. Exp. / 4-5-12 / STATE OF KANSAS]

_____
NOTARY PUBLIC

---

**NOTE:** *The following statements are made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a): the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms. The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses. Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, the Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.*

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

---

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.*

*Note: Page 6 of 6 applies to entities only and will not be recorded for individuals.*

FSA-2029 KS (11-04-08) *Page 5 of 6*

**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

**EXHIBIT A TO MORTGAGE FOR KANSAS**

Darren Joseph Weber

Legal Description:

East Half of the East Half (E/2 E/2) of Section Twenty-four (24), Township Twelve (12) South, Range Twenty-eight (28) West of the 6th P.M., Gove County, Kansas

Initial _D_ Date _1-11-10_

Initial_____ Date_____

1650802

**Exhibit C:  Security Agreement**

JAN 13 2010

This form is,available electronically.

Form Approved - OMB No. 0560-0238
(See Page 7 for Privacy Act and Public Burden Statements)

FSA-2028
(12-3 1-07)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 1

## SECURITY AGREEMENT

1. **THIS SECURITY AGREEMENT,** dated *(a)* ___**January 11, 2010**___ , is made between the United States of America, acting through the U.S. Department of Agriculture, Farm Service Agency (Secured Party) and *(b)*_____

   **DARREN JOSEPH WEBER**
_____

(Debtor), whose mailing address is (c)_____
   **2141 COUNTY ROAD 58, PARK, KS 67751-6013**
_____

2. **BECAUSE** Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory notes or other instruments, and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory notes or other instruments, all of which are called "Note," which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The Note evidences a loan to Debtor, and Secured Party at any time may assign the Note to any extent authorized by the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party; and

It is the purpose and intent of this Security Agreement to secure prompt payment of the Note and the timely performance of all obligations and covenants contained in this Security Agreement; and

**NOW THEREFORE**, in consideration of said loans and *(1)* to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other Act administered by Secured Party all with interest; *(2)* in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this Security Agreement; and *(3)* the timely performance of every covenant and agreement of Debtor contained in this Security Agreement or in any supplementary agreement.

**DEBTOR GRANTS** to Secured Party a security interest in Debtor's interest in the following described collateral, including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral); provided however the following description of specific items of collateral shall not in any way limit the collateral covered by this Security Agreement and the Secured Party's interest therein *(a)*:

Initial _____ Date _1- 11-10_

(b)   All crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products *(1)* within the one-year period or any longer period of years permissible under State law, or *(2)* at any time after this Security Agreement is signed if no fixed maximum period is prescribed by State law, including crops and plant products now planted, to be planted, growing or grown or harvested on the following described real estate:

| (1) Farm or Other Real Estate Owner | (2) Approximate Number of Acres | (3) County and State | (4) Approximate Distance and Direction from Named Town or Other Description |
|---|---|---|---|
|  |  |  |  |

Including all entitlements, benefits, and payments from all State and Federal farm programs; all crop indemnity payments; all payment intangibles arising from said crops and all general intangibles arising from said crops; and all allotments and quotas existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the Debtor to any subsequent party.

Initial _____ Date _1- 11- 10_

**FSA-2028** (12-31-07) grain bin equipment

(c) All FARM AND OTHER EQUIPMENT (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State(s) of *(1)* ___Kansas___ :

| (2) Line No. | (3) Quantity | (4) Kind | (5) Manufacturer | (6) Size and Type | (7) Condition | (8) Year | (9) Serial or Model No. |
|---|---|---|---|---|---|---|---|
| ★ | 1 | Grain Bin | | 18 x 15 | | | |
| ★ | 1 | Grain Bin | | 14 X 11 | | | |
| ★ | 2 | Grain Bins | | 14 X 8 | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

(10) Including the following described fixtures which are affixed, or are to be affixed to real estate, as extracted collateral; or timber to be cut, all of which, together with the associated real estate, are more particularly described as follows:

The fixtures are described above and are noted with an asterisk and are located on the following described real estate.   E/2 E/2 24-12-28

Initial _____ Date _1 - 11 - 10_

**FSA-2028** (12-31-07)

Page 4 of 7

(d)  All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following located in the State(s) of *(1)* _____ :

| (2) Line No. | (3) Quantity | (4) Kind or Sex | (5) Breed | (6) Color | (7) Weight | (8) Age | (9) Brand or Other Identification |
|---|---|---|---|---|---|---|---|
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |
| 0 | 0 | | | | | | |

Initial _DK_ Date _1-11-10_

(e)   All accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles, including but not limited to the following:

## 3. DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

(a)   Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except *(1)* any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect; *(2)* any applicable landlord's statutory liens; and (3) other liens, encumbrances, security or other interests previously disclosed to Secured Party in the loan application, farm operating plan or other loan documents. Debtor will defend the collateral against the claims and demands of all other persons.

(b)   Statements contained in Debtor's loan application and related loan documents are true and correct and that Debtor's name, as stated in the loan application and in this Security Agreement, is Debtor's complete legal name; and Debtor will *(1)* use the loan funds for the purposes for which they were or are advanced; *(2)* comply with such farm operating plans as may be agreed upon from time to time by Debtor and Secured Party; *(3)* care for and maintain collateral in a good and husbandlike manner; *(4)* insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance; *(5)* permit Secured Party to inspect the collateral at any reasonable time; *(6)* not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party; *(7)* not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this Security Agreement; and *(8)* maintain accurate records of the collateral, furnish Secured Party any requested information related to the collateral and allow Secured Party to inspect and copy all records relating to the collateral.

(c)   Debtor will pay promptly when due all *(1)* indebtedness evidenced by the Note and any indebtedness to Secured Party secured by this Security Agreement; *(2)* rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest; *(3)* filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest; and *(4)* fees and other charges now or later required by regulations of the Secured Party.

(d)   Secured Party is authorized to file financing statements describing the collateral, to file amendments to the financing statements and to file continuation statements.

(e)   Debtor will immediately notify Secured Party of any material change in the collateral or in the collateral's location; change in Debtor's name, address, or location; change in any warranty or representation in this Security Agreement; change that may affect this security interest or its perfection; and any event of default.

(f)   Secured Party may at any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(g)   All advances by Secured Party as described in this Security Agreement, with interest, shall be immediately due and payable by Debtor to Secured Party without demand and shall be secured by this Security Agreement. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the Note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

(h)   In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor agrees to execute any further documents, including additional security instruments on such real and personal property as Secured Party may require and to take any further actions reasonably requested by Secured Party to evidence or perfect the security interest granted herein or to effectuate the rights granted to Secured Party herein.

Initial _𝒟ᵘ_____ Date _/ - // - /0___

**FSA-2028** (12-31-07)                                                                                     Page 6 of 7

## 4. IT IS FURTHER AGREED THAT:

(a) Until default, Debtor may retain possession of the collateral.

(b) **Default** shall exist under this Security Agreement if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this Security Agreement or to observe or perform any covenants or agreements in this Security Agreement or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of any one of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands, as described in 7 CFR Part 1940, Subpart G, Exhibit M or any successor regulation. Upon any default:

   (1) Secured Party, at its option, with or without notice as permitted by law may *(a)* declare the unpaid balance on the Note and any indebtedness secured by this Security Agreement immediately due and payable; *(b)* enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment usable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and *(c)* exercise any sale or other rights accorded by law. Secured Party may disclaim all warranties relating to title, possession, quiet enjoyment, merchantability, fitness or the like in any disposition of the collateral;

   (2) Debtor *(a)* agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party; and *(b)* waives all notices, exemptions, compulsory disposition and redemption rights;

   (3) A default shall exist under any other security instrument held by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this Security Agreement.

(c) Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, processing, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Secured Party, third to the satisfaction of indebtedness secured by this Security Agreement, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any obligations of Debtor owing to Secured Party and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the debt evidenced by the Note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

(d) It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Security Agreement, no collateral covered by this Security Agreement is or shall become realty or accessioned to other goods.

(e) Debtor agrees that the Secured Party will not be bound by any present or future State exemption laws. Debtor expressly **WAIVES** the benefit of any such State laws.

(f) Secured Party may comply with any applicable State or Federal law requirements in connection with the disposition of the collateral and compliance will not be considered to adversely affect the commercial reasonableness of any sale of the collateral.

(g) This Security Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this Security Agreement.

(h) If any provision of this Security Agreement is held invalid or unenforceable, it shall not affect any other provisions, but this Security Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

Initial _D̸e̸_     Date _1-11-10_

**FSA-2028** (12-31-07)                                                                                    Page 7 of 7

(i) The rights and privileges of Secured Party under this Security Agreement shall accrue to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Security Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

(j) If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from other credit sources, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured by this Security Agreement. Debtor will be responsible for any application fees or purchase of stock in connection with such loan.

(k) Failure of the Secured Party to exercise any right, whether once or often, shall not be construed as a waiver of any covenant or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

(l) **SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.**

## 5. CERTIFICATION

*I certify that the information provided is true, complete and correct to the best of my knowledge and is provided in good faith. (Warning: Section 1001 of Title 18, United States Code, provides for criminal penalties to those who provide false statements. If any information is found to be false or incomplete, such finding may be grounds for denial of the requested action.)*

6A. _____ 1-11-10   6B. _____ _____
DARREN JOSEPH WEBER              (Date)           Debtor                        (Date)

Space provided for additional signatures:

**NOTE:** The following statements are made in accordance with the Privacy Act of 1974 (5 USC 552a):  the Farm Service Agency (FSA) is authorized by the Consolidated Farm and Rural Development Act, as amended (7 USC 1921 et seq.), or other Acts, and the regulations promulgated thereunder, to solicit the information requested on its application forms.  The information requested is necessary for FSA to determine eligibility for credit or other financial assistance, service your loan, and conduct statistical analyses.  Supplied information may be furnished to other Department of Agriculture agencies, the Internal Revenue Service, the Department of Justice or other law enforcement agencies, the Department of Defense, the Department of Housing and Urban Development, the Department of Labor, the United States Postal Service, or other Federal, State, or local agencies as required or permitted by law. In addition, information may be referred to interested parties under the Freedom of Information Act, to financial consultants, advisors, lending institutions, packagers, agents, and private or commercial credit sources, to collection or servicing contractors, to credit reporting agencies, to private attorneys under contract with FSA or the Department of Justice, to business firms in the trade area that buy chattel or crops or sell them for commission, to Members of Congress or Congressional staff members, or to courts or adjudicative bodies. Disclosure of the information requested is voluntary. However, failure to disclose certain items of information requested, including your Social Security Number or Federal Tax Identification Number, may result in a delay in the processing of an application or its rejection.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0238.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

**Exhibit D:   UCC Financing and Continuation Statements**

Kansas Online UCC Filing                                           Page 1 of 1



**Kansas Secretary of State**
**Online UCC Filing System**
**Acknowledgment of Filing**

Time of Transaction: **07-22-2014 08:34:58 AM**
Filing Type: **Continuation**
Filing Number: **102028802**    Initial Filing Number: **97501556**

**Initial Filing:**

| Debtor Information |
|---|
| WEBER, DARREN JOSEPH<br>2141 COUNTY ROAD 58<br>PARK, KS 67751 |

| Secured Party Information |
|---|
| UNITED STATES OF AMERICA ACTING THROUGH THE FARM SERVICE<br>AGENCY<br>1015 W 2ND<br>OAKLEY, KS 67748 |

**Amendment:**

| Authorizing Party Information |
|---|
| UNITED STATES OF AMERICA ACTING THROUGH THE FARM SERVICE<br>AGENCY |

| Collateral Information |
|---|

Back to Listing.

Kansas Online UCC Filing                                                         Page 1 of 1



**Kansas Secretary of State
Online UCC Filing System
Acknowledgment of Filing**

Time of Transaction: **09-07-2012 10:33:31 AM**
Filing Type: **Collateral Amendment**
Filing Number: **99463514**   Initial Filing Number: **97501556**

**Initial Filing:**

| **Debtor Information** |
| --- |
| WEBER, DARREN JOSEPH<br>2141 COUNTY ROAD 58<br>PARK, KS 67751 |

| **Secured Party Information** |
| --- |
| UNITED STATES OF AMERICA ACTING THROUGH THE FARM SERVICE<br>AGENCY<br>1015 W 2ND<br>OAKLEY, KS 67748 |

**Amendment:**

| **Authorizing Party Information** |
| --- |
| UNITED STATES OF AMERICA ACTING THROUGH THE FARM SERVICE<br>AGENCY |

| **Collateral Information** |
| --- |
| ADD: All livestock, farm products, equipment, certificates of title, goods,<br>supplies, inventory, accounts, and supporting obligations. All proceeds,<br>products, accessions, and security acquired hereafter. The security interest<br>perfected secures a future advance clause and the security agreement<br>contains an after-acquired property clause. Disposition of such collateral is<br>not hereby authorized. |

[ Back to Listing ]



# Kansas Secretary of State
# Online UCC Filing System

## Acknowledgment of Filing

---

Time of Transaction: **11-18-2009 12:13:22 PM**
Filing Type: **1**
Filing Number: **97501556**

| Debtor Information |
| --- |
| Weber, Darren Joseph<br>2141 County Road 58<br>Park, KS 67751 |

| Secured Party Information |
| --- |
| United States of America acting through the Farm Service Agency<br>1015 W 2nd<br>Oakley, KS 67748 |

| Collateral Information |
| --- |
| All grain bin equipment, goods, supplies, accounts, and supporting obligations. All proceeds, products, accessions, and security acquired hereafter. The security interest perfected secures a future advance clause and the security agreement contains an after-acquired property clause. Disposition of such collateral is not hereby authorized. |

Ron Thornburgh
Secretary of State



STATE OF KANSAS, GOVE COUNTY SS
REGISTER OF DEEDS
Book: 2016 Page: 28
Receipt #: 23877                    Recording Fee: #15.00
Pages Recorded: 2                   *Cindy of Tuttle*

Date Recorded: 5/16/2016 9:04:37 AM

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Helen Carr (785) 672-4861

B. E-MAIL CONTACT AT FILER (optional)
helen.carr@ks.usda.gov

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

Farm Service Agency
1015 W 2nd
Oakley, KS 67748

**COPY**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
**2011-54**

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record]
(or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination
Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is
continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:

Check one of these two boxes:          AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete   ☐ ADD name: Complete item   ☐ DELETE name: Give record name
item 6a or 6b, and item 7a or 7b and item 7c    7a or 7b, and item 7c    to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

6a. ORGANIZATION'S NAME

OR | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

7a. ORGANIZATION'S NAME

OR | 7b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

9a. ORGANIZATION'S NAME
**United States of America acting through Farm Service Agency**

OR | 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

10. OPTIONAL FILER REFERENCE DATA:
Darren Weber

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)          International Association of Commercial Administrators (IACA)

## UCC FINANCING STATEMENT AMENDMENT ADDENDUM

FOLLOW INSTRUCTIONS

COPY

| 11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form |
|---|
| **2011-54** |

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as item 9 on Amendment form

| | 12a. ORGANIZATION'S NAME |
|---|---|
| | **United States of America acting through the Farm Service Agency** |
| OR | 12b. INDIVIDUAL'S SURNAME |
| | FIRST PERSONAL NAME |
| | ADDITIONAL NAME(S)/INITIAL(S)     SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see instruction item 13): Provide only <u>one</u> Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see instructions if name does not fit

| | 13a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | **Weber** | **Darren** | **Joseph** | |

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):

| 15. This FINANCING STATEMENT AMENDMENT: | 17. Description of real estate: |
|---|---|
| ☐ covers timber to be cut   ☑ covers as-extracted collateral   ☐ is filed as a fixture filing | |
| 16. Name and address of a RECORD OWNER of real estate described in item 17 (if Debtor does not have a record interest): | |
| **E/2 E/2 24-12-28** | |
| **Gove County, KS** | |

18. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)    International Association of Commercial Administrators (IACA)

STATE OF KANSAS, GOVE COUNTY SS
REGISTER OF DEEDS
**Book: 2011 Page: 54**
Receipt #: 12592
Pages Recorded: 2
Recording Fee: $15.00
Cindy of Tuttle

**Date Recorded: 6/9/2011 10:57:37 AM**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
**Valerie Krier (785) 672-4861**

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Farm Service Agency
1015 W 2nd
Oakley, KS 67748**

COPY

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| **Weber** | **Darren** | **Joseph** | |
| 1c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| **2141 County Road 58** | **Park** | **KS** / **67751** | |

1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any ☐ NONE
DO NOT PROVIDE SSN/FEIN

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |

2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐ NONE
DO NOT PROVIDE SSN/FEIN

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **United States of America acting through Farm Service Agency** | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| **1015 W 2nd** | **Oakley** | **KS** / **67748** | |

4. This FINANCING STATEMENT covers the following collateral:

**This is an "as-extracted" collateral filing specifically covering rock, sand and gravel located on the real estate specifically described under Item 14 of the UCC Financing Statement Addendum.**

5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING
6. ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2
8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)



# UCC FINANCING STATEMENT **ADDENDUM**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

| | | |
|---|---|---|
| 9a. ORGANIZATION'S NAME | | |

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |
|---|---|---|
| **Weber** | **Darren** | **Joseph** |

**10. MISCELLANEOUS:**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only <u>one</u> name (11a or 11b) - do not abbreviate or combine names

| 11a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

OR

| 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 11d. <u>SEE INSTRUCTIONS</u>  DO NOT PROVIDE SSN/FEIN | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any |   NONE |
|---|---|---|---|---|---|

**12.** ☐ **ADDITIONAL SECURED PARTY'S** <u>or</u> ☐ **ASSIGNOR S/P'S  NAME** - insert only <u>one</u> name (12a or 12b)

| 12a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

OR

| 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|

| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**13.** This FINANCING STATEMENT covers ☐ timber to be cut or ☑ as-extracted collateral, or is filed as a ☐ fixture filing.

**14.** Description of real estate:

E/2 E/2 24-12-28
Gove County, KS

**16.** Additional collateral description.

**15.** Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

**17.** Check <u>only</u> if applicable and check <u>only</u> one box.

Debtor is a ☐ Trust  or  ☐ Trustee acting with respect to property held in trust  or  ☐ Decedent's Estate

**18.** Check <u>only</u> if applicable and check <u>only</u> one box.

☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

STATE OF KANSAS, GOVE COUNTY SS
REGISTER OF DEEDS

Book: 2014 Page: 55

Receipt #: 19594
Pages Recorded: 2

Recording Fee: #15.00
Cindy of Tuttle

Date Recorded: 9/10/2014 10:56:38 AM

SEP 1 2 2014

COPY

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Helen Carr (785) 672-4861

**B. E-MAIL CONTACT AT FILER (optional)**
helen.carr@ks.usda.gov

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Farm Service Agency
1015 W 2nd
Oakley, KS  67748

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |
|---|---|
| 2009-74 | |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:

Check one of these two boxes:
This Change affects ☐ Debtor or ☐ Secured Party of record

AND Check one of these three boxes to:
☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c
☐ ADD name: Complete item 7a or 7b, and item 7c
☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | |
|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| United States of America acting through the Farm Service Agency | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
Darren Weber

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)  International Association of Commercial Administrators (IACA)

Book: 2014 Page: 55
Page #: 2

## UCC FINANCING STATEMENT AMENDMENT ADDENDUM

FOLLOW INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form
**2009-74**

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as item 9 on Amendment form

12a. ORGANIZATION'S NAME
**United States of America acting through the Farm Service Agency**

OR 12b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)

SUFFIX

COPY

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

13a. ORGANIZATION'S NAME

OR 13b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)

SUFFIX

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):

15. This FINANCING STATEMENT AMENDMENT:

☐ covers timber to be cut    ☐ covers as-extracted collateral    ☐ is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in Item 17
(if Debtor does not have a record interest):

17. Description of real estate:

18. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

NOV 23 2009

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Helen Carr  (785) 672-3243

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Farm Service Agency
1015 W 2nd
Oakley, KS  67748

STATE OF KANSAS, GOVE COUNTY SS
Filed for record this _20_ day of _Nov_ A.D.
20_09_ at _11:00_ o'clock _A_ . M.
Filing # _2009 - 74_
_Crista D. Tuttle_ Register of Deeds
Fee $ _15.00_
_Connie Christensen_

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | WEBER | DARREN | JOSEPH | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2141 County Road 58 | Park | KS | 67751 | |

| 1d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|
| | | | | | |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATION ID #, if any | NONE |
|---|---|---|---|---|---|
| | | | | | |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| United States of America acting through the Farm Service Agency | | | | |
| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1015 W 2nd | Oakley | KS | 67748 | |

4. This FINANCING STATEMENT covers the following collateral:

This is a fixture filing specifically covering grain bins located on the real estate specifically
described in Item 14 herein of the UCC Financing Statement Addendum

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | A.G. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

6. ☑ This FINANCING STATEMENT is to filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable]   7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]   All Debtors | Debtor 1 | Debtor 2

8. OPTIONAL FILER REFERENCE DATA
Darren Weber

NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

☐ FILING OFFICE COPY   ☐ ACKNOWLEDGMENT COPY   ☐ SEARCH REPORT COPY   ☐ DEBTOR COPY   ☐ SECURED PARTY COPY

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front back) CAREFULLY

9.  NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

| 9a. ORGANIZATION'S NAME | | |
|---|---|---|

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME, SUFFIX |
|---|---|---|
| Weber | Darren | Joseph |

10.  MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one name (11a or 11 b) - do not abbreviate or combine names

| 11a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

OR

| 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | | SUFFIX |
|---|---|---|---|---|---|
| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

| 11d. TAX ID#: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID#, if any | ☐ NONE |
|---|---|---|---|---|---|

12. ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

| 12a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

OR

| 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | | SUFFIX |
|---|---|---|---|---|---|
| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☑ fixture filing.

14. Description of real estate:

E/2 of E/2 24-12-28 Gove County, KS

16.  Additional collateral description:

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

17.  Check only if applicable and check only one box.

Debtor is a ☐ Trust  or  ☐ Trustee acting with respect to property held in trust  or  ☐ Decedent's Estate

18.  Check only if applicable and check only one box.

☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction - effective 30 years
☐ Filed in connection with a Public-Finance Transaction - effective 30 years

NATIONAL UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 07/29/98)

☐ FILING OFFICE COPY    ☐ ACKNOWLEDGMENT COPY    ☐ SEARCH REPORT COPY    ☐ DEBTOR COPY    ☐ SECURED PARTY COPY